IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAROLE SOLLOWAY,

      Plaintiff,

v.

MARY JO WHITE, as Chairman of the
Securities and Exchange Commission,

      Defendant.

CIVIL ACTION FILE

NO. 1:13-cv-3827-TWT-CMS

## ORDER

This matter is before the Court on Defendant's Partial Motion to Dismiss, Motion to Strike Portions of the First Amended Complaint, and Motion for a More Definite Statement. (Doc. 36.)  Plaintiff Carole Solloway ("Plaintiff") filed this action against her employer, the Securities and Exchange Commission ("SEC" or "Defendant"), alleging disability discrimination under the Rehabilitation Act and the Americans with Disabilities Act ("ADA") and alleging violation of the Family Medical Leave Act stemming from her employment at the SEC as a staff accountant.  Defendant filed a motion to dismiss the original complaint, and in response, Plaintiff dismissed a portion of her case and filed a First Amended Complaint (Docs. 9, 34).

In her 73-page First Amended Complaint, Plaintiff contends that while working as an accountant at the SEC, her privacy rights were violated, she was discriminated against on the basis of her disability and gender, she was retaliated against, and she was subjected to a hostile work environment. Defendant has again moved to dismiss, arguing that portions of the First Amended Complaint are subject to dismissal, that certain paragraphs should be stricken, and that Plaintiff should be required to re-plead whatever allegations remain. (Doc. 36.) For the reasons that follow, Defendant's motion to dismiss is DENIED, the motion to strike is DENIED, and the motion for a more definite statement is GRANTED.

## I.    BACKGROUND

According to the First Amended Complaint, Plaintiff is a Staff Accountant in the SEC's Atlanta Regional Office who suffers from anxiety, depression, and Post Traumatic Stress Disorder ("PTSD"). (Doc. 34, Am. Compl.  ¶¶ 16, 62, 65.) Plaintiff alleges, among other things, that she requested a reasonable accommodation for her alleged disabilities, but the SEC failed to properly accommodate her. According to Plaintiff, the SEC then retaliated against her for making the accommodation request and created a hostile work environment.

Plaintiff's First Amended Complaint asserts three counts. In Count I, Plaintiff alleges violations of the Rehabilitation Act, the ADA, and the ADA

2

Amendments Act of 2008 ("ADAAA") in three ways: discrimination, hostile work environment, and retaliation.   (Am. Compl. ¶¶ 250-54.)   In Count II, Plaintiff alleges violations of Title VII in three ways: gender discrimination, hostile work environment based on gender, and retaliation based on gender. (Id. ¶¶ 255-59.) Count III alleges violations of the Privacy Act, 5 U.S.C. § 552a, based on allegedly unlawful dissemination of Plaintiff's private, confidential information.   (Id. ¶¶ 260-66.)

## II.   DISCUSSION

### A.   Motion to Dismiss

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (citation omitted); Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950-51 (2009).

In Iqbal, the Supreme Court clarified the pleading standard for civil actions, stating:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.   Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

3

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 678, 129 S. Ct. at 1949 (internal quotes and citations omitted).

The Iqbal Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted). All reasonable inferences are to be made in favor of the plaintiff. Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

4

1.    **Counts I and II**

In the motion to dismiss, Defendant argues that certain of the allegations in Plaintiff's First Amended Complaint cannot form the basis of any legal claim under Title VII or the Rehabilitation Act because they were not administratively exhausted.  On pages 13-15 of its Memorandum in support of its motion (Doc. 36-1), Defendant identifies numerous facts that it describes as "discrete acts" that it contends cannot be relied upon in support of Plaintiff's claims in Counts I and II because they were not timely presented to the Office of Equal Employment Opportunity ("EEO") counselors within 45 days of their occurrence as required by the Rehabilitation Act and Title VII.  According to Defendant, because Plaintiff first sought EEO counseling on January 5, 2012, Plaintiff cannot rely on any discrete act of alleged discrimination that occurred more than 45 days before that date.

In her response, Plaintiff appears to agree with the general principle relied upon by Defendant that "each discrete adverse employment action triggers the statutory exhaustion requirement" and that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." (Doc. 39 at 8.)  She argues, however, that the SEC has waived its right

to raise exhaustion as a defense because the EEO accepted the untimely-reported issues and actually investigated them. (Id. at 10-11.)

The Rehabilitation Act and Title VII require federal employees to initiate EEO counseling concerning any alleged discriminatory or retaliatory conduct within 45 days of the alleged discriminatory act. See 29 C.F.R § 1614.105(a)(1); Brown v. Snow, 440 F.3d 1259, 1262 (11th Cir. 2006). Exhaustion of administrative remedies is a mandatory condition precedent to an action in federal court. Exhaustion is not a jurisdictional prerequisite to suit in federal court; rather it is a condition precent that can be waived. See Gaillard v. Shinseki, 349 F. App'x 391, 392 (11th Cir. 2009); 29 C.F.R § 1614.604 ("The time limits in this part are subject to waiver, estoppel and equitable tolling.") As the Eleventh Circuit explained:

> Exhaustion of administrative remedies is a matter in abatement that should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment. See Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (addressing the Prison Litigation Reform Act's exhaustion requirements). Thus, it is permissible for a district court to consider facts outside of the pleadings and resolve factual disputes so long as the factual disputes do not decide the merits and the parties are given sufficient opportunity to develop a record. Id. at 1376. Deciding a motion to dismiss for failing to exhaust administrative remedies is a two-step process. Turner v. Burnside, 541 F. 3d 1077, 1082 (11th Cir. 2008). First, the court must look to the factual allegations in the defendant's motion and the plaintiff's response, taking the plaintiff's version of the facts as true to the extent that it conflicts with that of the defendant. Id. If the complaint is not

6

subject to dismissal at this step, the court must then make specific findings to resolve the parties' factual disputes, and determine whether the defendant bore its burden of proving that the plaintiff failed to exhaust his administrative remedies. Id. at 1082–83.

Basel v. Secretary of Defense, 507 F. App'x 873, 874-75 (11th Cir. 2013) (unpublished). In ruling on a motion to dismiss, the Court considers whether the plaintiff made a good faith effort to comply with the regulations and provide all of the relevant specific information available to him so that the agency is given every opportunity to investigate and resolve the dispute. Id. at 875. "The purpose of exhaustion is to permit the department the first opportunity to investigate the alleged discriminatory or retaliatory practices. . . ." Id.

Plaintiff argues that Defendant has waived its right to challenge her reliance on the arguably time-barred incidents because Defendant accepted the issues for investigation. (Doc. 39 at 11.) In support of this position, Plaintiff cites to a letter dated March 25, 2012 from her attorney to the EEO setting forth allegations of discrimination that occurred more than 45 days before the date she first sought EEO counseling. (Doc. 9-2 at 55-56.) Plaintiff also cites to the EEO's response to that letter, which states that the concerns articulated in the lawyer's letter "are appropriate for further inquiry" and "will be pursued" as examples of her previously-reported hostile work environment discrimination claim. (Id. at 58-59.)

The parties agree that the exhaustion requirement is waivable, but they disagree on what additional factors may constitute a waiver. Defendant, citing to law from the Fifth Circuit, contends that a waiver occurs only if the agency investigates the claim and makes a finding that the submission was timely. See Rowe v. Sullivan, 967 F.2d 186, 191 (5th Cir. 1992). Plaintiff, citing to D.C. Circuit law, argues that when an agency investigates a claim and decides its merits, without addressing the question of timeliness, it has waived a timeliness defense in a subsequent lawsuit. See Bowden v. United States, 106 F.3d 433, 438-39 (D.C. Cir. 1997); see also Ester v. Principi, 250 F.3d 1068, 1071-72 (7th Cir. 2001). Neither party cites to Eleventh Circuit law.[1]

---

[1] Defendant cites to Oaxaca v. Roscoe, 641 F.2d 386, 390 (5th Cir. Apr. 1981), a case from the former Fifth Circuit. That case, however, does not reach as far as Defendant asks this Court to go. In Oaxaca, the former Fifth Circuit merely rejected the plaintiff's contention that the federal agency, by merely accepting and investigating a tardy complaint, automatically waived its objection to the complainant's failure to comply with the prescribed time delays. Id. at 390. The former Fifth Circuit recognized that under certain circumstances, the lack of timeliness in seeking EEO counseling could be waived. Defendant then cites additional, more recent Fifth Circuit law for the proposition that because the SEC did not make a finding that the additional complaints were timely, there can be no waiver, citing Rowe, 967 F.2d 186, 191. The holdings of the *current* Fifth Circuit issued after October 1, 1981, however, are not binding on this Court. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (holding that opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the 11th Circuit). Defendant does not address the apparent split among the circuits.

8

Here, the record reflects that Plaintiff's complaints from 2011 were considered by the EEO.  As noted above, the letter dated April 25, 2012 from the Acting Director of the EEO described Plaintiff's (otherwise time-barred) allegations as "appropriate for further inquiry," and stated that her additional issues "will be pursued as examples of alleged harassment/hostile work environment." (Doc. 9-2 at 58-59.)  Additionally, Defendant has provided an "EEO Investigation Report" that was signed by an EEO investigator on November 8, 2012.   The Investigation Report includes the following issues:  whether "Complainant was subjected to harassment/hostile work environment which is currently characterized by: . . . the delay of her reasonable accommodation request from June 15, 2011 - September 30, 2011; SEC's application of performance metrics in connection with her FY 2011 rating; she was not paid for days she worked; and she was subjected to heightened reporting and review not required of her peers who telework." (Doc. 9-2 at 71-72.)

As noted above, the Eleventh Circuit instructs that the Court should consider whether the plaintiff made a good faith effort to comply with the regulations and provide all of the relevant specific information available to him so that the agency is given every opportunity to investigate and resolve the dispute.  See Basel, 507 F. App'x at 874-75.  It appears to the undersigned that the purpose behind the

9

requirement – to give the agency the opportunity to investigate the allegations – was satisfied in this case.

Moreover, the regulations mandate that the agency dismiss a complaint for untimely counselor contact, prior to a request for hearing, unless the agency extends the time limits.  29 C.F.R. § 1614.107(a)(2).  In this case, the SEC never raised the timeliness issue.  This is not a situation where the SEC processed the complaint and then determined that there were problems with timeliness.  Instead, the SEC expressly indicated to Plaintiff that her 2011 allegations would be considered as part of her hostile work environment claim.

In support of its motion to dismiss, the SEC argues that there has been no waiver as a matter of law.  The Court is unwilling to make such a ruling at this point in the litigation.   Based on the record presently before the Court, it appears that the SEC was given the opportunity to investigate and resolve the dispute, which is one of the main purposes of the exhaustion requirement.  See Basel, 507 F. App'x 873, 875.  It also appears that the SEC did not raise the timeliness issue prior to Plaintiff's request for a hearing.  The undersigned finds that these factors weigh in favor of finding a waiver of the exhaustion requirement.  See Ester v. Principi, 250 F.3d 1068 (7th Cir. 2001) (defendant agency waived untimely filing of formal complaint by issuing final decision on merits without mentioning

10

untimely filing); <u>Moncus v. Johanns</u>, No. 2:03-cv-416, 2006 WL 163309 at * 8 (M.D. Ala. Jan. 20, 2006) (denying defendant's motion for summary judgment on exhaustion grounds where the plaintiff diligently sought to exhaust the administrative remedies).   Under these circumstances, Defendant's motion to dismiss portions of Counts I and II is DENIED.

   **2.   <u>Count III</u>**

   In her First Amended Complaint, Plaintiff contends that Defendant breached the Privacy Act in two ways – (1) by disclosing Plaintiff's confidential information to "co-employees," and (2) by certain actions taken by Defendant's employees in connection with an investigation into Plaintiff's background. (Am. Compl. at 70-71.) Defendant argues that the Privacy Act claim should be dismissed because to the extent any disclosures were made, the disclosures were to Plaintiff's supervisors, and there is an exception permitting disclosure to supervisors who have a need to know the information.   Defendant also argues that Plaintiff self-disclosed the information to her managers.   It is not clear from the First Amended Complaint, however, that the disclosures were made to supervisors, that they had a need to know, or that Plaintiff self-disclosed the confidential information.   The undersigned finds that this argument is better suited for a motion for summary judgment.

11

Alternatively, Defendant argues that the Privacy Act claim should be dismissed because it was the Office of Personnel Management that conducted the investigation, not Defendant's employees. In her First Amended Complaint, however, Plaintiff alleges that "Defendant's employees" conducted an investigation and disclosed her private information. (Am. Compl. ¶ 264.) Assuming Plaintiff's factual allegations to be true, as the Court must on a motion to dismiss, these allegations are sufficient to defeat the motion to dismiss. Accordingly Defendant's motion to dismiss Count III is DENIED.

### 3.  Motion to Strike

Finally, Defendant moves to strike paragraphs 16-37 of the First Amended Complaint. Paragraph 16 alleges that Plaintiff has worked for the SEC for nearly 19 years as an accountant. In paragraphs 17-24, Plaintiff describes her 1997 rape and the subsequent court proceedings related to the criminal prosecution of the rapist. In paragraphs 25-37, Plaintiff makes allegations regarding one of her co-workers, who she does not identify by name, alleging that the co-worker was the subject of a 2008 investigation concerning pornography.

The Federal Rules of Civil Procedure authorize a Court to order that "any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Fed. R. Civ. P. 12(f). "Rule 12(f) reflects the inherent power of the

Court to prune down pleadings so as to expedite the administration of justice and to prevent abuse of its process." McNair v. Monsanto Co., 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003) (citations omitted). Motions to strike are generally viewed with disfavor and are "often considered time wasters." Tingley Sys. Inc. v. Bay State HMO Mgmt. Inc., 833 F. Supp. 882, 884 (M.D. Fla. 1993). "A motion to strike is a drastic remedy to be resorted to only when required for the purposes of justice and should be granted only when the pleading to be stricken has no possible relation to the controversy."   Stephens v. Trust for Pub. Land, 479 F. Supp. 2d 1341, 1346 (N.D. Ga. 2007).

The Court finds that the allegations regarding Plaintiff's rape and the behavior of her coworker have some possible relation to the controversy, as they explain why Plaintiff felt uncomfortable at work and why her work environment could have exacerbated her disability. The Court makes no finding as to the persuasive value of these facts, but finds that Plaintiff's inclusion of these facts does not warrant the severe sanction of striking them.  Accordingly, the motion to strike is DENIED.

## C.    Motion For A More Definite Statement

Defendant next argues that Plaintiff has presented a "shotgun pleading" and should be required to provide a more definite statement, pursuant to Federal Rule

of Civil Procedure 12(e).  Defendant argues that it is impossible to know which allegations pertain to which count.  Under Rule 12(e), a party may move for a more definite statement if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a "party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  The Eleventh Circuit has held that the Court should not be required to sift through the facts presented and decide for itself which are material to the particular cause of action asserted.  See Pelletier v. Zweifel, 921 F.2d 1465, 1517-18 (11th Cir. 1991).

Here, the undersigned agrees that it is not clear which facts asserted in the First Amended Complaint are intended to support which of Plaintiff's various legal theories, and which facts are provided merely as background.  Counts I and II raise multiple, discrete claims, and Plaintiff's decision to incorporate each fact into each count makes it impossible to know what conduct forms the basis for what legal theory.  An example of this can be seen by Plaintiff's response to Defendant's motion to dismiss portions of Counts I and II.  Plaintiff responded that her arguably time-barred complaints could form a basis for her hostile work environment claim, but she was silent as to whether those complaints could stand on their own as discriminatory acts or as retaliatory acts. Thus, Plaintiff has effectively conceded Defendant's point regarding all of her claims except for her hostile work

14

environment claim. Because of the manner in which Plaintiff drafted her First Amended Complaint, it is impossible for Defendant and the Court to know which facts are part of which cause of action or claim.

For the reasons stated, Defendant's motion for a more definite statement is GRANTED. On or before fourteen (14) days from the date of this Order, Plaintiff is ORDERED to file an amended complaint that sets out each claim against Defendant in a separate count, along with the specific averments supporting the claim. Plaintiff shall separately plead any claim for retaliation, for hostile work environment, and/or for any discrete act of discrimination, along with the particular facts supporting each claim.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Doc. 36) is DENIED; the motion to strike is DENIED; and the motion for more definite statement is GRANTED.

This 17th day of July, 2015.

CATHERINE M. SALINAS
United States Magistrate Judge

15